IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BAPTIST HOSPITAL, INC.**
**d/b/a BAPTIST LIFEFLIGHT,**

    **Plaintiff**,

v.                                              CASE NO.:     3:07cv104/MCR/EMT

**CJ CRITICAL CARE TRANSPORTATION**
**SYSTEMS OF FLORIDA, INC.,**

    **Defendant.**
_____/

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS

Defendant CJ Critical Care Transportation Systems of Florida, Inc. ("CJ"), by its undersigned attorneys, respectfully submits this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The Court should grant CJ's Motion because the Complaint is barred by the "economic loss rule" and thus fails to state a claim upon which relief may granted.

### INTRODUCTION

The "economic loss doctrine" provides that alleged torts "'relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, [where] such [tortuous conduct is] interwoven and indistinct from the heart of the contractual agreement.'"  *Thompkins v. Lil' Joe Records, Inc.,* \_\_\_ F.3d \_\_\_, \_\_\_. 2007 WL 316302 (11th Cir. Feb.5, 2007)(*quoting Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So.2d 74, 78 (Fla. 1997)).  The economic loss rule may be invoked at a preliminary stage in litigation such as on a motion to dismiss pursuant to Rule 12(b)(6).

*E.g., Excess Risk Underwriters, Inc. v. Lafayette Life Insurance Co.,* 208 F. Supp.2d 1310, 1319-20 (S.D. Fla. 2002)(granting motion to dismiss claim for tortuous interference with contractual relations based on violation of economic loss rule).  At the pleadings stage, whether a complaint violates the economic loss rule is determined on the basis of the allegations of the complaint and any agreements incorporated by reference in the complaint.  *See Nautica International, Inc. v. Intermarine USA, L.P.,* 5 F. Supp.2d 1333, 1342 (S.D. Fla. 1998)(based on economic loss rule, dismissing breach of fiduciary duty claim that was redundant of breach of contract claim.)  "If the contract [attached to a complaint] demonstrates unambiguously that the plaintiff's relief is not merited, the claims should be dismissed."  *Siedle v. National Association of Securities Dealers, Inc.*, 248 F. Supp.2d 1140, 1143 (M.D. Fla. 2002).

## ALLEGATIONS OF THE COMPLAINT

The Verified Complaint for Damages and Injunctive Relief ("Complaint") alleges a single substantive count for tortuous interference with contractual relations.  The Complaint alleges that, CJ "has attempted to use information it gained as a vendor of Plaintiff's air medical program in Mobile, LifeFlight, to begin a competitive air ambulance service . . . ."  *Id.* ¶ 17.  The Complaint goes on to detail CJ's allegedly tortious efforts to establish a competitive air ambulance business.  *Id.* ¶¶ 18-30.  The Complaint utterly fails to allege that any of this conduct breaches any provisions of the agreement between the parties, a copy of which is attached as Exhibit "A" to the Complaint (the "Agreement").  *Id.* ¶ 4.     A review of the Agreement shows not only

that Plaintiff has mischaracterized the nature of the relationship established by the Agreement[1] but that CJ was perfectly entitled by the terms of the Agreement to engage in the conduct alleged in the Complaint.

Section 1.0 of the Agreement specifies the purpose and scope of the Agreement as being to "establish a regional helicopter critical care transport services . . . ." *Id.* Of particular note to this case, Section 1.0 provides, "Nothing in this Agreement shall be construed as creating an exclusive arrangement between BAPTIST and CJCCTS." *Id.*

Section 2.0 of the Agreement provides that the initial term of the agreement shall be for a two year period from April 1, 2004. Agreement, Page 9. The Agreement is subject to renewal for an additional two year period upon mutual agreement of the parties. *Id.* Section 2.0 further provides:

> Notwithstanding the foregoing [term and termination for cause provisions], one year subsequent to the Commencement Date either party may terminate this Agreement without cause upon sixty (60) days prior written notice to the other party. Should BAPTIST terminate this Agreement without cause CJ will be given the first right of refusal to continue the operation of the program independently, without contribution from BAPTIST.

*Id.*

With the exception of provisions protecting the confidentiality of certain information belonging to CJ, § 5.6, and patient medical information, §14.3, the

---

[1] The allegations of the Complaint regarding the purported vendor-vendee relationship between Baptist and CJ should be contrasted against the provisions of the Agreement. While the Complaint alleges that CJ "has no existing business relationship with LifeFlight clients or employees," and "operates purely as a vendor of Baptist," Complaint ¶ 14, the Agreement recites that CJ has "experience and expertise in the provision of critical care transportation services" and has an "established relationship with a number of organizations for the provision of services related to the delivery of regional helicopter services. . . ." Agreement, page 8. The Agreement further recites that Baptist and CJ "have expressed a desire to cooperate in pursuing a mutually beneficial approach to operating a regional helicopter critical care transport services program from a Base Site located in Mobile, AL . . . ." *Id.*

Agreement contains no provision requiring CJ to maintain the confidentiality of any information received from Baptist or learned as a result of participating in the air medical program established pursuant to the Agreement. The Agreement contains neither a covenant not to compete nor a covenant not to solicit either customers or employees.[2]

## ARGUMENT

Plaintiff's proposed action in tort is fundamentally inconsistent with the contractual relationship between the parties set out in the Agreement. Plaintiff filed its Complaint during the term of the Agreement. The Complaint does not allege a single breach of the Agreement by CJCCTS. Rather, it pleads that "CJCCTS has knowledge of [Plaintiff's existing business relationships] via its contractual relationship with LifeFlight under which it gained access to proprietary and confidential business information." Complaint ¶ 36. The only "contractual relationship" between CJCCTS and Plaintiff relevant to the Complaint is the Agreement. The Agreement gives either party the right to terminate without cause and contains absolutely no limits on either party as to post-termination (a) competition, (b) solicitation of either employees or customers or (c) use of information obtained in connection with the Agreement (other than patient medical information not at issue). For example, Baptist is free to terminate the Agreement with CJ and to contract with another air carrier for purposes of establishing a new or different air medical program in Mobile, Alabama. The plain reading of the Agreement is that each party sought to maintain flexibility to engage in business as it saw fit following

---

[2] The Agreement includes an integration clause, § 17.1, which provides that the written Agreement "supercedes all prior agreements, oral or written, representations, statements, and/or understandings of CJCCTS and BAPTIST with respect to the subject matter of this Agreement." Agreement, page 22. As noted in the Complaint, the Agreement contains a Florida choice of law provision.

termination of the Agreement, with no obligation to the other. This reading is confirmed by Section 1.0 which, as noted above, provides that "Nothing in this Agreement shall be construed as creating an exclusive arrangement between BAPTIST and CJCCTS." Agreement, at page 8. The Agreement does not prevent CJCCTS from competing with Plaintiff in the air medical market in Mobile. The only actions of CJCCTS described in the Complaint are in furtherance of that permissible competition.

This proposed action in tort amounts to an effort to either circumvent the Agreement or add provisions to it that materially improve Baptist's competitive position in the Mobile marketplace. Courts have repeatedly held that the economic loss rule bars tort actions that seek to redefine the rights of contracting parties. For example, in *Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.,* 262 F. Supp. 2d 1334 (S.D. Fla. 1999), *aff'd,* 235 F.3d 1344 (11th Cir. 2000)(mem.), two medical supply distributors brought a tortuous interference claim against their supplier for selling medical products directly to the customers of the distributors. The U.S. District Court for the Southern District of Florida (Ryskamp, D.J.) granted summary judgment on the tortuous interference claim in favor of the defendant supplier and against the plaintiff distributors. The court reasoned:

> The actual conduct of which the Plaintiffs complain, i.e., Davol [the supplier] trying to sell its products directly to the Distributors' customers, would be, if true, a material breach of one of the core provisions of the Agreement, whether or not the Distributors have separate hospital contracts with the customers. The proof of the conduct constituting the Suppliers' breach of contract is accomplished by the same facts as the proof of the conduct constituting the tortuous interference. The damages are purely economic, and are in fact the same as those sought in the breach of contract count. *HTP, Ltd. v. Lineas Aereas Costarrincenses, S.A.*, 685 So.2d 1238 (Fla. 1997) instructs that this is an issue of contract law, not of tort law; the facts necessary to prove that Davol interfere(?) with the

> Plaintiffs' hospital relationships are identical to the facts necessary to prove that Davol violated the exclusivity provisions of the Distribution Agreements. They are not just intertwined-they are identical.
>
> \*     \*     \*
>
> What makes Davol vulnerable to the Distributors' claims between October 1995 and December 31, 1996, is one act and only one fact: Davol through the acquisition of AHSI became contractually obligated to stop competing with the Distributors in their exclusive territory. . . . In other words, between October 1995 and December 31, 1996 Davol's actions breached the very terms of the Agreement. *But outside that time period, no such claim lies because no such contractual ban existed.* Hence the very same facts necessary to show a breach of contract are necessary to show tortuous interference. Under the Florida's economic loss rule, this tort action is barred.

*Eclipse Medical,* 262 F. Supp.2d at 1355-56 (emphasis added). *Accord Belize Telecom Ltd. v. The Government of Belize,* 2005 W.L. 4868966 at \*18 (S.D. Fla. June 6, 2005)("Where, as here, the tort claim is based on the same proof of facts and damages as the contract claim, the conversion claim is barred by the economic loss rule.")(report and recommendation of magistrate judge adopted by District Court).

Apparently recognizing that the Agreement does not address the post-termination conduct of the parties relating to the air medical program in Mobile, Plaintiff files an action in tort in an attempt to regulate CJCCTS' conduct following termination of the Agreement. That action is based on the Agreement. The economic loss rule is broad enough to bar this action which is nothing more than an attempt to cure what Plaintiff now perceives as a defect in the Agreement. Merely by "labeling" its action as one in contract rather than one in tort . . . does not allow the Plaintiff to avoid the application of the economic loss rule. The Complaint must be dismissed.

                 Respectfully submitted,

March 19, 2007           */s/ Robert C. Palmer, III*

        Robert C. Palmer, III
Florida Bar No. 316776
Shell Fleming Davis & Menge
Ninth Floor—Sevilla Tower
226 Palafox Place
Pensacola, Florida 32502
PH: (850) 434-2411
FX: 850-435-1074

Attorneys for CJ Systems Critical Care Transportation Systems of Florida, Inc.

OF COUNSEL:

**WATKINS DULAC & ROE P.C.**
Adrian N. Roe
Pa. I.D. No. 61391
Kenneth J. Witzel
Pa. I.D. No. 82814
Two Gateway Center, 17 East
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
PH: (412) 434-5544
FX: (412) 434-5554