## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

BAPTIST HOSPITAL, INC. )
d/b/a BAPTIST LIFEFLIGHT )
                                           )      CASE NO.: 3:07cv104/MCR/EMT
    Plaintiff,                             )
                                           )
v.                                         )
                                           )
CJ CRITICAL CARE TRANSPORTATION )
SYSTEMS OF FLORIDA, INC.,                  )
                                           )
    Defendant.                             )
_____)

### AGREED PROTECTIVE ORDER

NOW on this $\underline{30th}$ day of $\underline{July}$, 2008, for good cause shown and with the consent of the parties, it is hereby ordered as follows:

1.  Documents designated as "Confidential" and produced in this litigation between Plaintiff and Defendant (the "Parties"), or produced by any third party in response to a subpoena, are entitled to the protection specified in this Order.

2.  Prior to furnishing documents designated as Confidential pursuant to this Order, the documents shall be prominently marked "Confidential" by the Party producing them. Documents may be marked "Confidential" only when the person or entity marking said document reasonably believes that the document contains personal identifying information or financial or other proprietary or confidential business information the dissemination or disclosure of which reasonably could lead to identifiable business or competitive harm to the designating party.

3.     If a Party inadvertently fails to designate a document as Confidential, the producing Party may within twenty (20) days of the initial production be permitted to make such a designation by notifying the receiving Party in writing and supplying copies containing the "Confidential" legend.

4.     Confidential documents and information produced by third parties may also be marked "Confidential." Confidential documents produced by third parties will be designated confidential by the Party claiming confidentiality using the following procedure: The designating Party shall have thirty (30) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, by Bates number, if available, or by sufficient description to identify the documents to be protected under this Order. The designating party shall provide to the other party and to the third party copies of documents that have been designated as "Confidential." Notwithstanding the foregoing provision, nothing set forth in this Paragraph shall delay discovery or depositions of third parties producing such confidential documents or information.

5.     Counsel and the parties shall not furnish any document or disclose any specific and identifiable information contained in any document designated by the other party as Confidential pursuant to this Order except as provided herein. Any such documents and information designated as Confidential pursuant to this Order shall be used solely for the purposes of this case.

6.     The Parties agree that any documents designated as Confidential (and specific information contained in such document) will not be disclosed to persons other than the Parties, their counsel, retained experts, consultants, other fact witnesses or persons who may provide testimony, court reporters, and the Court in this litigation. Any person, except for

2

information governed by this Order. A Party may seek relief from any of these provisions or challenge the designation of confidentiality on any document by motion to this Court with notice and an opportunity to be heard provided to all Parties, and any third party producing such documents.

10.     This Order shall not limit the right of the respective parties to disclose their own confidential discovery material to any persons or entities of their own choosing. Such disclosure shall not waive the protection of this Order.

11.     Documents subject to a claim of attorney-client privilege or work product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.

12.     The provisions of this Protective Order may be modified upon written agreement of the parties or upon application to this Court for good cause shown.

4

BEGGS & LANE, RLLP

By: _____
J. Nixon Daniel, III
Florida Bar No. 228761
jnd@beggslane.com        6/19/2008
Elizabeth C. Callahan
Florida Bar No. 399434
ecc@beggslane.com
Thomas F. Gonzalez
Florida Bar No. 173878
tfg@beggslane.com
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502

Attorneys for Defendant

Date: __8-25-08__

WADE, PALMER & SHOEMAKER

By: _____
Robert C. Palmer, III
Wade, Palmer & Shoemaker
25 West Cedar Street, Ste. 450
Pensacola, Florida 32502

WATKINS DULAC & ROE, P.C.

By: _____        6/25/08
Adrian N. Roe
Two Gateway Center, 17 East
603 Stanwix Street
Pittsburgh, Pennsylvania 15222

Attorneys for Plaintiff

_M. Casey Rodgers_
JUDGE

5

## EXHIBIT A

## CERTIFICATION

I, _____, hereby certify that I have read and understand the contents of the Agreed Protective Order in the case styled Baptist Hospital, Inc. d/b/a Baptist Life Flight, for themselves and all others similarly situated, v. CJ Critical Care Transportation Systems of Florida, Inc., Case No. 3:07cv104/MCR/EMT, United States District Court for the Northern District of Florida Pensacola Division. This is to certify that the undersigned will abide by all terms and conditions of the Agreed Protective Order.

NAME        _____

TITLE       _____

ADDRESS     _____

            _____

DATE        _____        SIGNATURE

1569341
31738-2

6